FILOMENA MIGLIACCIO, ADMINISTRATRIX, v. PUBLIC
SERVICE RAILWAY COMPANY AND JACOB PEPE.

Decided February 28, 1923.

**Negligence—Liability for Injury to Passengers—Motor Vehicle—
Trolley Car Collision—Duty of Carrier—Contributory Negligence.**

On appeal from the Hudson Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE
and TRENCHARD.

For the appellant Public Service Railway Company,
*Leonard J. Tynan.*

For the appellant Jacob Pepe, *Autenreith & Gannon.*

For the respondent, *Alfred Brenner.*

PER CURIAM.

The plaintiff's decedent, Ferdinand Migliaccio, while riding in the automobile of the defendant Pepe, on the latter's
invitation, was injured in a collision between the automobile
and a trolley car of the Public Service Railway Company at
the intersection of Avenue C and Twentieth street, in the
city of Bayonne. The accident occurred on January 4th,
1920, and plaintiff's decedent died on April 20th, 1921. He
died of tuberculosis, and this suit was brought to recover
the pecuniary loss sustained by his widow and next of kin by
his death, the plaintiff's claim being that the disease of which
he died was the natural and proximate result of the accident.
The trial resulted in a verdict in favor of the plaintiff and
against each of the defendants, and from the judgment
entered upon that verdict each defendant appeals.

The principal causes of reversal specified by the respective
defendants are directed at the charge of the court to the jury.

The first instruction complained of dealt with the matter of liability, and is in the following words: "It is the fact that both Pepe and the Public Service Railway Company did rest under a legal duty to Migliaccio, and, if they disregarded that duty, they subjected themselves to legal liability." By this instruction the jury was told, in effect, that, if either one of these defendants disregarded the duty they owed to the decedent (that duty being subsequently defined as the use of ordinary prudence and caution on their respective parts while operating the automobile and the trolley car), they were legally liable for the injuries sustained by the decedent, and were responsible to his widow and next of kin for the pecuniary loss sustained by them, if his death resulted from those injuries. In this instruction we consider there was harmful error; for it left out of consideration entirely the question whether or not the decedent, by his own want of care, contributed to any extent to the happening of the accident, and there was direct evidence in the case upon which contributory negligence on his part might have been predicated.

The next alleged error in the charge to the jury is directed at the instruction with relation to the duty of the motorman of the Public Service Railway Company. The court said, "This duty required him to be careful to maintain at all times such control of his trolley car as would enable him to slow its progress, or, if necessary, to stop it in order to avoid collision with this automobile of Pepe's." This instruction imposed upon the motorman a duty greater than that which the law required of him, under the circumstances of the case. The true rule in cases of this kind is that a motorman must have his car under such control as to avoid a collision with another vehicle, the driver of which, without negligence on his part, attempts to cross in front of the trolley car; and where it is apparent that the driver of the other vehicle, in disregard of the rights of the motorman, is going to attempt to cross in front of the trolley car, the motorman must use every reasonable effort to stop his car for the purpose of avoiding a collision.

Having reached the conclusion that the first of the instructions objected to was not only erroneous, but was harmful to each one of the defendants, and that the second instruction placed upon the motorman a duty greater than that required by law, we find it unnecessary to consider the other grounds of reversal.

For the reasons indicated, the judgment against each one of these defendants will be reversed and a *venire de novo* ordered.